FILED
18 JUN 04 PM 4:06

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-14149-4 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR KING COUNTY**

| | |
|---|---|
| DONALD I. BERG and KAREN BERG,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CITY OF KENT, a Washington municipal corporation, MATT GILBERT and JANE DOE GILBERT, individually and as a marital community and in Matt Gilbert's official capacity as the Principal Planner for the City of Kent, SHARON CLAMP and JOHN DOE CLAMP, individually and as a marital community and in Sharon Clamp's official capacity as the Planner for the City of Kent, CHARLENE ANDERSON and JOHN DOE ANDERSON, individually and as a marital community and in Charlene Anderson's official capacity as the Planning Manager for the City of Kent, and JOHN and JANES DOES 1-10,<br><br>                    Defendants | NO.<br><br>COMPLAINT |

Petitioners, Donald Berg and Karen Berg, by and through their attorney, Jean Jorgensen of Law Office of Jean Jorgensen, PS, brings this Complaint and alleges the following:

COMPLAINT - 1

**LAW OFFICE OF JEAN JORGENSEN, PS**
**1400 TALBOT ROAD S. SUITE 210**
**RENTON, WA 98055**
**TELEPHONE: (425) 235-4800**

## I. PARTIES

1.1 Donald I. Berg and Karen Berg (hereinafter collectively "Plaintiffs") are individuals, who own real property located at 27918 152nd Avenue SE and 27924 152nd Avenue SE, in Kent, Washington, known as Parcel Number 3522059154 (hereinafter "The Property").

1.2 Defendant City of Kent ("the City") is a municipal corporation of the State of Washington, which is located within King County. Defendant City of Kent is the legal entity responsible for itself and for its Planning and Economic Community and Development Departments.

1.3 At all times relevant hereto, Defendant Matt Gilbert was a citizen of the United States and a resident of the State of Washington and was acting under color of state law in his capacity as the Principal Planner for the Defendant City of Kent.

1.4 At all times relevant hereto, Sharon Clamp was a citizen of the United States and a resident of the State of Washington and was acting under color of state law in her capacity as a Planner for the Defendant City of Kent.

1.5 At all times relevant hereto, Charlene Anderson was a citizen of the United States and a resident of the State of Washington and was acting under color of state law in her capacity as the Planning Manager for the Defendant City of Kent.

1.6 Upon information and belief, Defendants John and Jane Does 1 through 10 are other individuals who have acted in concert with the named Defendants to deprive the Plaintiffs of their Constitutional rights. These John and Jane Does' names and addresses of residences are presently unknown.

## II.     JURISDICTION AND VENUE

2.1     This Superior Court has jurisdiction pursuant to RCW 2.08.010 and RCW 42.56.550.

2.2     Venue is proper in this Court pursuant to RCW 4.12.010, RCW 4.12.020, and RCW 4.12.025.

2.3     All requirements of RCW 4.96.020 have been fulfilled and this matter is properly before the Court.

## III.     STATEMENT OF FACTS

**A.     History of the Outdoor Storage Yard Business on the Property**

3.1     In 1996, David and Susan Spencer owned the Property at issue in this case, which contained several commercial operations, including a grocery store, automobile repair shop, and an outdoor storage yard.

3.2     In 1996, the City annexed a portion of property from King County, including the Property.

3.3     The City's Code Enforcement Officer, Brian Swanberg, became familiar with the area to be annexed by the City of Kent.  Before and after the annexation, Mr. Swanberg observed the consistent operation of an outdoor storage yard throughout the undeveloped portion of the Property.  Although the Property had never been zoned as commercial, the City recognized its status as a constitutionally protected legal nonconforming use.

3.4     The City received complaints regarding the Property's outdoor storage yard from a single neighbor, starting in 2002.  On September 6, 2002, the City declared that the storage of vehicles, boats, and equipment on the Property violated its City Code and

COMPLAINT - 3

demanded that the Spencers remove all of the material being stored on the Property.

3.5   The Spencers resolved the zoning issue with the City in a manner that permitted them to continue to operate the outdoor storage yard.

3.6   The neighbor continued to file complaints with the City regarding the operation of the outdoor storage yard.  On each occasion, the City's Code Enforcement Officer investigated the complaint and determined that the storage yard was being used in the same way as it had been since prior to the time of annexation.  The City closed the complaints because the zoning issue had been previously resolved.

3.7   In or about 2006, the Plaintiffs investigated The Property in order to determine whether or not to purchase it as an investment.  The Plaintiffs' real estate agent visited the City's Planning Department to inquire, among other things, as to the ability for continued operation of the outdoor storage yard, as it was not in conformance with the City's zoning laws.  The City employee at the Planning Department reviewed the City records regarding the Property and then informed the real estate agent the City considered the outdoor storage yard as enjoying the status of a legal non-conforming use because it was in operation prior to the annexation.

3.8   With that understanding, the Plaintiffs proceeded to purchase the Property from its owners, David and Susan Spencer, for $1,100,000.00, in June 2006.

3.9   In or about 2008, the neighbor complained again to the City about the Property.  The City closed the complaint as it had before, based upon the outdoor storage yard as enjoying the status of a legal non-conforming use.  The City did not notify the Plaintiffs of either the complaint or its decision to close it.

**B.    The City Arbitrarily Demands a Reduction in the Scope of the Outdoor Storage Yard**

3.10    In or about 2009, the neighbor complained again to the City about the Property.  This time, the City took a position that there had been an illegal expansion of the Property's outdoor storage yard and demanded that the Plaintiffs consolidate and move stored items to the western border of the Property.

3.11    The City did not disclose to the Plaintiffs that it had previously determined that outdoor storage had consistently utilized the entire undeveloped portion of the Property, that it had issued zoning permits approving the use of outdoor storage throughout the Property in an amount exceeding 82,000 square feet, nor that it had previously received and closed the neighbor's complaints regarding the operation of an outdoor storage yard.

3.12    On or about July 21, 2011, Plaintiffs' property manager, Tom Glenn began investigating the history of the Property's outdoor storage.  Mr. Glenn requested the opportunity to review the City's file regarding the Property, including information as to its zoning history.  Although the City produced some records, the City failed to produce all public records pertaining to the Property's zoning history in order to obstruct Mr. Glenn's investigation.

3.13    On or about August 2011, Mr. Glenn met with the City to discuss the Property's outdoor storage.  During that meeting, the City used an aerial photograph of the Property and overlaid a visual boundary around its western border.  Approximately 34,000 square feet was calculated to be inside the boundary, which the City declared was the amount of the Property that could continue to be utilized for outdoor storage.  This determination was arbitrary and unsupported by neither the facts nor the law.

**C. City of Kent Commences Code Enforcement Proceedings For Zoning Violations While Obstructing Discovery of Zoning History Documents**

3.14    On or about May 24, 2012, the City of Kent issued a "Notice of Violation" which served as a notice that the City was proceeding with a code enforcement action. The Plaintiffs filed a timely appeal to the Notice of Violation, which commenced an administrative procedure before the Office of the Hearing Examiner.

3.15    On July 25, 2012, Mr. Glenn filed a lawsuit in King County Superior Court [Case No. 12-2-25286-6 KNT] in order to compel the City to produce all responsive public records pertaining to the Property, including all public records pertaining to its zoning history. This information was essential to the Plaintiffs' defense of the code enforcement action.

3.16    On November 2, 2012, the King County Superior Court ruled that the City had wrongfully withheld some public records by improperly asserting attorney-client privilege and ordered the City to confirm and certify that all public records had been produced to Mr. Glenn. If the records had not been produced, the City was ordered to produce them by the end of business on November 6, 2012.

3.17    The City could not certify that all public records had been produced, as a substantial number of electronic records had been wrongfully withheld. The City failed to comply with the Court Order. Thereafter, the City paid Mr. Glenn $70,000 to resolve his public records claim.

**D. The City Presents False Testimony at the Administrative Hearing**

3.18    The Plaintiffs' code enforcement hearing commenced on November 7, 2012, without the benefit of having received all public records pertaining to zoning, despite the

Court's Order.

3.19    Prior to the hearing, the individual Defendants reached an understanding to achieve their goal of depriving the Plaintiffs of their ability to continue to operate the outdoor storage yard throughout the Property.  For example:

> 3.19.1  During the hearing, the individual Defendants testified that the City had no knowledge of a business operation pertaining solely to outdoor storage on the Property.  The individual Defendants testified that the outdoor storage that had existed on the Property was instead merely associated with the auto repair business.  City documentation to the contrary was discredited as inaccurate, inexplainable, misleading and/or ambiguous.
>
> 3.19.2  During the hearing, the individual Defendants testified that prior permits were strictly limited to the scope of work designated by the applicant, and that contrary to its City Code, the City had never reviewed, approved, or issued zoning permits approving an outdoor storage yard exceeding 82,000 square feet.  City documentation to the contrary was discredited as inaccurate, inexplainable, misleading and/or ambiguous.
>
> 3.19.3  When presented with the City's official records documenting the fact that prior complaints regarding the outdoor storage yard had all been resolved as having been in compliance with the Planning Department, the individual Defendants testified that its code enforcement officers unilaterally resolved and closed such complaints without having received direction from the Planning Department to close the complaints.

### E. Plaintiffs Discover that the City Employees' Testimony at the Administrative Hearing was Intentionally False and Deceptive

3.20  In April 2015, the Plaintiffs located the City's prior code enforcement officer, Brian Swanberg, and learned, for the first time, that the City's position between 1996 and 2012 had been that all of the Property's undeveloped property had been consistently used for outdoor storage, that the City had originally implemented a policy not to interfere with businesses operating at the time of annexation, that it was the Planning Department, not the code enforcement officer, who directed identical complaints as resolved, that the Planning Department had long ago determined that the Property's outdoor storage enjoyed the status of a legal non-conforming use and was "grandfathered", that there had never been any discussions within the City regarding the storage having been associated merely with the auto repair shop, and that the scope of outdoor storage had never expanded.  In summary, the City had prosecuted a civil violation on entirely false pretenses, offering perjurious testimony by its Planning Department employees in a conspiracy to deprive the Plaintiffs of their property rights.

3.21  The Plaintiffs are unable to continue to operate the outdoor storage yard in its entirety, absent approval of a Conditional Use Permit by the City of Kent.  The Plaintiffs' income and the value of the Property has been substantially diminished as a result of the Defendants' actions.

3.22  The Plaintiffs have sustained economic and non-economic damages as a result of the Defendants' unlawful acts and omissions.

COMPLAINT - 8

LAW OFFICE OF JEAN JORGENSEN, PS
1400 TALBOT ROAD S. SUITE 210
RENTON, WA  98055
TELEPHONE: (425) 235-4800

**F. The City Continues to Obstruct the Plaintiffs' Ability to Obtain Public Records**

3.23   On January 3, 2018, the Plaintiffs' attorney made a request for public records pertaining to Brian Swanberg.

3.24   On January 4, 2018, the City communicated that responsive public records would be provided "in approximately 20 business days or less."

3.25   On February 2, 2018, the City provided some public records to the Plaintiffs, which consisted of e-mails. The City did not provide the e-mails in electronic format, nor did the City provide any metadata associated with those e-mails, despite the fact that these public records were explicitly requested by the Plaintiffs.

3.26   The City provided additional public records on February 16, 2018 and March 12, 2018. The City redacted and withheld a substantial amount of public records on the basis of attorney-client privilege and work product. No public records were produced in electronic format; all metadata was withheld.

3.27   Upon information and belief, the City's redactions and withholdings were improper, and were made in an effort to continue to conceal the Defendants' unlawful acts and omissions. Instead, the redactions and withholdings relate to communications in furtherance of contemplated or ongoing fraudulent conduct.

**IV. FIRST CAUSE OF ACTION:
INVERSE CONDEMNATION AGAINST CITY OF KENT**

4.1   Plaintiffs hereby incorporate and re-allege by reference all allegations previously stated herein.

4.2   The City commenced and pursued an invidious, irrational, arbitrary,

capricious, and malicious code enforcement action against the Property.

4.3   The City has taken and damaged the Plaintiffs' private property, for a public use, without advancing a legitimate public purpose.

4.4   The City never formally exercised the power of eminent domain.

4.5   The Plaintiffs have suffered a significant economic deprivation as a result of the City's actions.

4.6   The City did not remit just compensation for the temporary and/or permanent deprivation of the Plaintiffs' property.

4.7   The Plaintiffs have been damaged in an amount to be proven at trial.

## V.  SECOND CAUSE OF ACTION:
## VIOLATION OF SUBSTANTIVE DUE PROCESS AGAINST ALL DEFENDANTS

5.1   Plaintiffs hereby incorporate and re-allege by reference all allegations previously stated herein.

5.2   The Fourteenth Amendment to the United States Constitution and Article 1, Section 3 of the Washington Constitution protect fundamental liberty interests against certain governmental intrusions irrespective of the fairness of the procedures utilized.  This substantive guarantee is intended to prevent state actors from employing their power in an abusive or oppressive manner that results in the deprivation of a person's life, liberty, or property without justification for a sufficient purpose.

5.3   The Defendants acted in an arbitrary and capricious manner to intentionally and/or recklessly deprive the Plaintiffs of their property rights.

5.4   The Defendants' conduct was not rationally related to the promotion of the public health, safety, or welfare, nor was there adequate justification for their action.

LAW OFFICE OF JEAN JORGENSEN, PS
1400 TALBOT ROAD S. SUITE 210
RENTON, WA  98055
TELEPHONE: (425) 235-4800

5.5     The Defendants' conduct deprived the Plaintiffs of rights, privileges or immunities secured by the Constitutions and/or laws of the United States.

5.6     As a proximate cause of the individual Defendants' conduct, the Plaintiffs have suffered emotional injuries, damages, and losses, in an amount to be proven at trial.

## VI.     THIRD CAUSE OF ACTION:
## VIOLATION OF CONSTITUTIONAL RIGHTS AGAINST INDIVIDUAL DEFENDANTS

6.1     Plaintiffs hereby incorporate and re-allege by reference all allegations previously stated herein.

6.2     The Plaintiffs enjoyed a constitutionally cognizable property right in the Property.

6.3     The individual Defendants acted in concert, in an arbitrary and capricious manner, without advancing a legitimate public purpose, with the objective of unjustly and improperly depriving the Plaintiffs of their Constitutional rights.

6.4     At all times relevant hereto, the individual Defendants were acting under the color of state law in their capacity as employees for Defendant City of Kent, and their acts or omissions were conducted within the scope of their official duties or employment.

6.5     The individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiffs' protected constitutional rights.

6.6     The individual Defendants' conduct deprived the Plaintiffs of rights, privileges or immunities secured by the United States Constitution, the Washington State Constitution, and/or laws of the United States.

6.7     Any reasonable person knew or should have known of these protected rights at the time of the complained of conduct.

6.8     As a proximate cause of the individual Defendants' unlawful conduct, the Plaintiffs have suffered emotional injuries, damages, and losses, in an amount to be proven at trial.

6.9     In addition to compensatory, economic, consequential, and special damages, Plaintiffs are entitled to punitive damages against each of the individual Defendants pursuant to 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of the Constitutional rights of the Plaintiffs.

6.10    The individual Defendants are not entitled to qualified immunity for the complained of conduct.

## VII.   FOURTH CAUSE OF ACTION:
## VIOLATION OF EQUAL PROTECTION AGAINST ALL DEFENDANTS

7.1     Plaintiffs hereby incorporate and re-allege by reference all allegations previously stated herein.

7.2     The Fourteenth Amendment to the federal constitution provides, in pertinent part: "No state shall ... deny to any person within its jurisdiction the equal protection of the laws."

7.3     42 U.S.C. § 1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

7.4     After annexation by the City of Kent, the Spencers were permitted to continue

COMPLAINT - 12

LAW OFFICE OF JEAN JORGENSEN, PS
1400 TALBOT ROAD S. SUITE 210
RENTON, WA 98055
TELEPHONE: (425) 235-4800

to operate the outdoor storage yard on the Property, as the City recognized its status of a legal nonconforming use.

7.5   After the Plaintiffs purchase of the Property, the Defendants commenced code enforcement proceedings to deprive the Plaintiffs of their private property rights with respect to the outdoor storage yard's status as a protected legal nonconforming use.

7.6   The Defendants deliberately and purposefully discriminated against the Plaintiffs by denying them the same property rights that their predecessors in interest enjoyed.

7.7   Defendants violated the Plaintiffs' constitutional right to equal protection.

7.8   As a proximate cause of the individual Defendants' unlawful conduct, the Plaintiffs have suffered emotional injuries, damages, and losses, in an amount to be proven at trial.

### VIII.   CLAIM FOR VIOLATION OF PUBLIC RECORDS ACT

8.1   Defendant City of Kent is a local agency subject to the public records provisions of RCW 42.56. Defendant City of Kent failed to comply with the Public Records Act, including, but not limited to, the following:

8.2   Defendant failed to provide for the fullest assistance to inquiries and the most timely possible actions on requests for information as required by RCW 42.56.100.

8.3   Defendant violated RCW 42.56 by failing to produce records within its own time estimate.

8.4   Defendant violated RCW 42.56 by withholding records that are not exempt from disclosure, including, but not limited to, documents that are not protected attorney-

client privilege or work product, and metadata attached to electronic e-mail communications.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against the Defendants:

1. Judgment against Defendants, jointly and severally, for all compensatory damages in an amount to be proven at trial;

2. For a determination of just compensation for the permanent and temporary taking of the Property;

3. An award of general damages to compensate Plaintiffs for, *inter alia*, emotional distress, pain, suffering, humiliation, loss of enjoyment of life, stress and anxiety in an amount to be determined at trial;

4. For punitive damages awardable for violation of the Plaintiffs' civil rights;

5. Issuance of an order to the Defendant City of Kent to provide the Plaintiffs with copies of any records or portions of records that are not exempt from public disclosure

6. An award of statutory penalties, in a per diem amount to be determined by the court for each day that requested records were improperly withheld by Defendant City of Kent pursuant to RCW 42.56.550(4) because of the degree of culpability of the violations as described by *Yousoufian v. Office of Ron Sims*, 137 Wn. App. 69, 151 P.3d 243 (2007);

7. An award of prejudgment and postjudgment interest to the fullest extent permitted under the law;

8. That the court award equitable relief, as appropriate;

9. An award for attorneys' fees, expert witness fees, and statutory costs to the fullest extent permitted under relevant law;

10. Costs of this action pursuant to RCW 4.84.010, RCW 4.84.030 and RCW 4.84.090 to the fullest extent permitted under relevant Washington law;

11. Statutory attorneys' fees pursuant to RCW 4.84.080; and

12. Such other and further relief as the court deems just and proper.

DATED this 4th day of June 2018.

/s/Jean Jorgensen
State Bar Number 34964
LAW OFFICE OF JEAN JORGENSEN, PS
1400 Talbot Road South, Suite 210
Renton, WA 98055
Email:  jean@jeanlaw.com
Attorney for Plaintiffs