UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD BERG et al., | CASE NO. C18-1332JLR |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| v. | |
| CITY OF KENT et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court are: (1) Defendants Matt Gilbert, Sharon Clamp, Charlene Anderson (collectively, "Individual Defendants"), and City of Kent's ("the City") (collectively, "Defendants") motion to dismiss for failure to state a claim (MTD (Dkt. # 6)); and (2) Plaintiffs Donald Berg and Karen Berg's (collectively, "Plaintiffs") motion to remand (MTR (Dkt. # 10)). The court has considered the motions, the parties' submissions in support of and in opposition to both motions, the relevant portions of the

//

record, and the applicable law.  Being fully advised,[1] the court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to remand and GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.  The court DISMISSES Plaintiffs' claims against Individual Defendants under 42 U.S.C. § 1983 with prejudice (*see* Compl. (Dkt. # 1-1) ¶¶ 6.1-6.8) and REMANDS Plaintiffs' remaining claims to state court (*see id.* ¶¶ 4.1-5.5, 7.1-8.4).

## II.    BACKGROUND

### A.    Factual History

David Spencer and Susan Spencer owned a piece of property ("the Property") that the City annexed in 1996.  (*Id.* ¶¶ 3.1-3.2.)  When the City annexed the Property, the Spencers operated a grocery store, an automobile repair shop, and a small outdoor storage yard on the Property.  (*Id.* ¶ 3.1.)  The City zoned the Property as a "neighborhood commercial convenience" zone based on the grocery store and auto repair shop; however, the City also recognized the outdoor storage yard as a legal nonconforming use that predated the annexation.  (*Id.* ¶ 3.3.)  The Spencers continued to operate the storage yard, although neighbors occasionally complained about the yard.  *City of Kent v. Berg*, No. 73269-2-I, 2016 WL 7056501, at *2 (Wash. Ct. App. Dec. 5, 2016) ("*Berg*").[2]  In 2002,

---

[1] No party has requested oral argument, and the court finds that oral argument would not be helpful to the disposition of these motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

[2] Defendants cite to this Washington Court of Appeals ruling throughout their motion to dismiss and other filings concerning background information on the Property and the proceedings between the City and Plaintiffs.  (*See, e.g.*, MTD at 2; Def. Reply (Dkt. # 11) at 5.)  The court takes judicial notice of the state court's opinion pursuant to Federal Rule of Evidence

the City issued a notice of violation against the Spencers for illegal storage on the Property beyond the accepted scope of the storage yard. (*Id*.) Plaintiffs allege, however, that the Spencers resolved this issue in a manner that allowed them to continue operating the expanded storage yard, and the City dismissed the neighbor complaints related to the yard. (Compl. ¶¶ 3.4-3.6.)

In 2006, Plaintiffs bought the Property from the Spencers under the impression that they could continue to operate the outdoor storage yard as a legal nonconforming use. (*Id*. ¶¶ 3.8-3.9.) In 2008, certain neighbors complained about the outdoor storage yard. (*Id*. ¶ 3.9.) Plaintiffs allege that the City closed the complaints without notifying Plaintiffs based on the yard's status as a legal nonconforming use. (*Id*.) In 2009, the City received additional complaints about increased storage of vehicles, heavy equipment, recreational vehicles, and boats at the yard. (*Id*. ¶ 3.10); *Berg*, 2016 WL 7056501, at *2. At this point, according to Plaintiffs, the City determined that there had been an illegal expansion of the outdoor storage yard. (Compl. ¶ 3.10.) The City notified Plaintiffs that they needed to consolidate the yard to 1996 levels unless they received a conditional use permit to expand the yard. (*Id*.); *see also Berg*, 2016 WL 7056501, at *2. Despite the City's requests, between 2009 and 2011, the Plaintiffs increased the use of the Property for outdoor storage. *Berg*, 2016 WL 7056501, at *2.

*//*

---

201. *See Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003) (taking judicial notice of a public order in a related state court proceeding); *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (holding that a court may take judicial notice of matters of public record without converting a Rule 12 motion into a motion for summary judgment).

In July 2011, Plaintiffs' property manager, Tom Glenn, met with the City to investigate the history of the Property's outdoor storage yard. (Compl. ¶ 3.12.) Mr. Glenn asked to review the City's file on the Property, including information about its zoning history. (*Id.*) Plaintiffs allege that the City obstructed Mr. Glenn's investigation by failing to produce all public records pertaining to the Property's zoning history. (*See id.* ¶¶ 3.11-3.12.) Specifically, Plaintiffs allege that the city failed to produce records that showed that the City had recognized the storage yard as a legal nonconforming use and had issued permits in the past allowing outdoor storage on the undeveloped portions of the Property. (*Id.*)

Mr. Glenn met with the City again in August 2011 to discuss the Property's outdoor storage area. (*Id.* ¶ 3.13.) At that meeting, Plaintiffs allege that the City used aerial photographs of the Property from around the time of annexation to determine the portion of the Property that could be used for outdoor storage. (*Id.*) The City informed Mr. Glenn that the Plaintiffs could expand the storage yard if they applied for and received a conditional use permit. *See Berg*, 2016 WL 7056501, at *2-3.

In May 2012, after Plaintiffs failed to discontinue use of the expanded storage yard, the City issued a notice of violation and initiated formal proceedings against Plaintiffs. (Compl. ¶ 3.14); *Berg*, 2016 WL 7056501, at *3. Plaintiffs appealed the notice to the city hearing examiner, arguing that outdoor storage on the Property was a legal nonconforming use and that the City had recognized such use since the Spencers owned the Property. *Berg*, 2016 WL 7056501, at *3.

//

In the meantime, Mr. Glenn filed a complaint in King County Superior Court under the state Public Records Act ("PRA"), RCW ch. 42.56, to compel the City to produce all responsive public records pertaining to the Property, including the Property's zoning history. (Compl. ¶ 3.15.) Plaintiffs assert that these records were essential to its defense in the code enforcement action before the City hearing examiner. (*Id.*) Despite the superior court's order to produce the public records, the City failed to do so and instead paid Mr. Glenn a $70,000 settlement to resolve his claims. (*Id.* ¶¶ 3.16-3.17.)

Plaintiffs allege that their code enforcement action before the City hearing examiner commenced in November 2012 without access to the requested public records. (*Id.* ¶ 3.18.) The City hearing examiner found that Plaintiffs had violated the City's zoning code and that Plaintiffs were required to cease operating the storage yard. *Berg*, 2016 WL 7056501, at *3. Plaintiffs appealed that ruling by filing a Land Use Petition Act (LUPA) petition for review in the King County Superior Court, which affirmed the hearing examiner. *Id.* Next, Plaintiffs appealed the ruling to the state court of appeals, which also affirmed. *Id.* at *3, *9.

Plaintiffs do not contest that they have not applied for or obtained a conditional use permit that would allow them to operate an outdoor storage yard on the undeveloped portions of the Property. (*See* Compl. ¶ 3.21 ("Plaintiffs are unable to continue to operate the outdoor storage yard in its entirety, absent approval of a Conditional Use Permit by the City. . . ."); *see also Berg*, 2016 WL 7056501, at *7 n.14 ("[N]either the Bergs nor their predecessors obtained a [conditional use permit] prior to expanding and intensifying the outdoor storage").

In April 2015, Plaintiffs allege that they learned for the first time from the City's prior code enforcement officer, Brian Swanberg, that all of the undeveloped Property had allegedly been used for outdoor storage and that the City allegedly considered the storage yard a legal nonconforming use from 1996 through 2012. (Compl. ¶ 3.20.) In addition, Plaintiffs allege that Mr. Swanberg informed them that Defendants had prosecuted Plaintiffs on entirely false pretenses, had given perjurious testimony, and had conspired to deprive Plaintiffs of their property and other Constitutional rights. (*See id.* ¶ 3.20, 6.3-6.6.)

**B.    Procedural History**

Plaintiffs filed their complaint in King County Superior Court on June 4, 2018. (*See* Compl.) Plaintiffs bring inverse condemnation and takings claims against the City. (Compl. ¶¶ 4.1-4.7.) In addition, they assert: (1) substantive due process claims against all Defendants (*id.* ¶¶ 5.1-5.6); (2) claims under 42 U.S.C. § 1983 against Individual Defendants (*id.* ¶¶ 6.1-6.10); (3) equal protection claims against all Defendants (*id.* ¶¶ 7.1-7.8);[3] and (4) violations of the state Public Records Act, RCW ch. 42.56, against the City (*id.* ¶¶ 8.1-8.4).

---

[3] The court notes that, although Plaintiffs' complaint brings their equal protection claims pursuant to 42 U.S.C. § 1982 ("All citizens of the United States shall have the same right . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."), Plaintiffs' subsequent briefing says that their equal protection claims are brought under 42 U.S.C. § 1983 ("Every person who, under color of [state law] subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .."). (*See* Pl. Resp. (Dkt. # 8) at 1-2 ("Plaintiffs alleged various causes of actions under both federal and state law, including . . . a violation of plaintiffs' equal protection rights, also actionable under 42 U.S.C. § 1983"); MTR at 4 ("a violation of plaintiffs' equal protection rights, also actionable under 42 U.S.C. § 1983").) Nevertheless,

On September 10, 2018, Defendants timely removed this action to federal court on the basis of federal question jurisdiction. (*See* Not. of Removal (Dkt. # 1) at 2-3.) After removal, Defendants filed the instant motion to dismiss, arguing that Plaintiffs had failed to state a claim for four reasons: (1) the constitutional claims were barred by the statute of limitations; (2) the constitutional claims were barred by collateral estoppel; (3) the claims against Individual Defendants were barred by witness immunity; and (4) Plaintiffs failed to adequately plead their constitutional claims. (MTD at 1-2.)

Plaintiffs filed a response to Defendants' motion (*see generally* Pl. Resp.), but also filed a motion to remand their claims to state court (*see generally* MTR). Plaintiffs argue that their entire case should be remanded because the state inverse condemnation and federal takings claims are not ripe and, therefore, the court lacks subject matter jurisdiction over the matter as a whole. (*Id.* at 1-2.) Plaintiffs further assert that the PRA claims and non-takings federal claims are "deeply intertwined" with the inverse condemnation claim, and that judgment of those claims prior to the determination of whether a taking occurred would be "premature." (Pl. Reply (Dkt. # 13) at 2.) Plaintiffs argue that the claims against Individual Defendants are, like their takings claims, not ripe and ought to be remanded with the rest of their claims. (*Id.* at 2.)

In their reply, Defendants agree that the takings and inverse condemnation claims against the City, as well as the substantive due process and equal protection claims

_____

consistent with the complaint, Defendants describe Plaintiffs' equal protection claim as brought under § 1982, not § 1983. (Def. Resp. (Dkt. # 12) at 2.) The court notes the inconsistency, although it does not affect its analysis, as discussed below.

against the City and Individual Defendants, are not ripe and should be remanded to state court. (Def. Reply at 2.) However, Defendants argue that the court should not remand the 42 U.S.C. § 1983 claims against Individual Defendants because the court does, in fact, have jurisdiction over those claims; thus, Defendants assert that the court should dismiss those claims for the reasons in their motion to dismiss. (*See id.* ("[The] ripeness doctrine has no application to [Plaintiffs'] civil-rights claims against [I]ndividual [Defendants], so the [c]ourt should dismiss those claims before remanding."); *see also* Def. Resp. at 3.) Defendants also maintain that the court should exercise supplemental jurisdiction over the remaining state law PRA claims. (*Id.*) The court now considers the parties' motions.

## III. DISCUSSION

### A. Legal Standard

#### 1. Motion to Remand

Federal law provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal has the burden of proving that federal jurisdiction exists, and the removal statute is strictly construed against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If jurisdiction is based on the presence of a federal question, the removing party must establish the federal nature of the claim. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Under the "well pleaded complaint" rule,

federal jurisdiction exists only when a federal question is presented on the face of a

plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

(1987). Put otherwise, the complaint must establish either that a federal statute or

constitutional provision creates the cause of action, or that the plaintiff's right to relief

necessarily depends on the resolution of a substantial question of federal law. *Id.* Any

doubts as to federal removal jurisdiction should be resolved by remanding the action to

state court. *Gaus*, 980 F.2d at 566.

2. Motion to Dismiss

When considering a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim, the court construes the complaint in the light most

favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,

416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of

material fact as true and draw all reasonable inferences in favor of the non-moving party.

*See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or

the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.

Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Thus, "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus

VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

//

**B.      Claims against Defendant City of Kent and Individual Defendants**

1.  Federal Takings and Inverse Condemnation Claim

Plaintiffs assert that their inverse condemnation and takings claim against the City is not ripe and, therefore, should be remanded to state court so that the claim may ripen. (*See* MTR at 1-2; *see also* Compl. ¶¶ 4.1-4.7 (alleging inverse condemnation and takings claim).)  Defendants agree that this claim is not ripe and, consequently, should be remanded to state court.  (*See* Def. Reply at 2; Def. Resp. at 3.)

Under Supreme Court precedent, a federal takings claim is ripe for review if a plaintiff has (1) received a final decision regarding the application of the challenged regulations to the property at issue and (2) sought compensation through adequate state procedures provided for doing so.  *Williamson Cty. Reg. Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985).  A final decision requires "(1) a rejected development plan, and (2) a denial of a variance."  *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1454 (9th Cir. 1987) (citing *Williamson*, 473 U.S. at 187-90).  Washington has an adequate procedure for reimbursement for takings, and, accordingly, such claims must be brought first in Washington state court.  *Macri v. King Cty.*, 126 F.3d 1125, 1129 (9th Cir. 1997), *abrogated on other grounds by Crown Point Dev. Inc. v. City of Sun Valley*, 506 F.3d 851 (9th Cir. 2007).

Here, the court agrees with the parties that Defendants prevented Plaintiffs from fulfilling the second *Williamson* prong—seeking compensation through state procedures—when they removed Plaintiffs' action to federal court.  (*See* Not. of Removal); *see also Williamson*, 473 U.S. at 186, 194.  In analogous circumstances, other

courts have concluded that takings and inverse condemnation claims are not ripe under the compensation prong of *Williamson* and remanded the claims to state court for further proceedings. *See, e.g.*, *Harbor Lands, L.P. v. City of Blaine*, No. 06-1370RAJ, 2008 WL 5130049, at *4 (W.D. Wash. Dec. 5, 2008); *Doak Homes v. City of Tukwila*, No. 07-1148MJP, 2008 WL 191205, at *3 (W.D. Wash. Jan. 18, 2008), *Accredited Home Lenders v. City of Seattle*, No. C07-272MJP, 2007 WL 1977137, at *3 (W.D. Wash. July 2, 2007); *Doney v. Pacific Cty.*, No. 07-5123RJB, 2007 WL 1381515, at *4 (W.D. Wash. May 9, 2007).

      In addition, the court concludes that Plaintiffs have not satisfied the first *Williamson* prong—requiring a final decision regarding the application of the challenged regulations to the property at issue. Although Plaintiffs appealed the land use determination through the City hearing examiner and through LUPA proceedings in state court, the record before the court is devoid of any indication that Plaintiffs applied for or the City denied a conditional use permit that would exempt Plaintiffs from the zoning ordinance that prohibits the operation of an outdoor storage yard on the undeveloped portions of the Property. (*See* Compl. ¶ 3.21); *Berg*, 2016 WL 7056501, at *7 n.14. Thus, the City has not reached a final decision regarding application of the challenged zoning provisions to the Property. *See Kinzli*, 818 F.2d at 1454 (requiring a rejected land use plan and a denial of a variance to show a final administrative determination under *Williamson*). Accordingly, the court agrees with the parties that Plaintiffs' inverse condemnation and takings claim fails the *Williamson* ripeness test.

As Defendants acknowledge, the appropriate remedy is to remand the unripe federal regulatory takings and inverse condemnation claim to state court. (*See* Def. Reply at 2 ("Since these [*Williamson*] requirements haven't been met, [Plaintiffs'] inverse-condemnation claim should be remanded back to state court . . . .")); *see also San Remo Hotel, L.P. v. City & Cty. of S.F.*, 545 U.S. 323, 346-47 (2005) (making clear that the failure to simultaneously pursue federal takings claims in state court with state inverse condemnation claims will likely result in a state court judgement that has preclusive effect on a later federal action); *Doney*, 2007 WL 1381515, at *5 ("Given the holding of *San Remo*, it is more appropriate, in the interest of fairness, to remand Plaintiffs' federal takings claims along with Plaintiffs' state inverse condemnation claims so that Plaintiffs may pursue those claims simultaneously."). Accordingly, the court grants Plaintiffs' motion to remand the federal takings and inverse condemnation claim (*see* Compl. ¶¶ 4.1-4.7) to state court and denies Defendants' motion to dismiss this claim.

### 2. Non-Takings Federal Claims

Next, the court considers whether the substantive due process and equal protection claims Plaintiffs assert against all Defendants are ripe. (*See* Compl. ¶¶ 5.1-5.6 (alleging substantive due process claims); *id.* ¶¶ 7.1-7.8 (alleging equal protection claims).) Similar to their takings and inverse condemnation claim, Plaintiffs assert that Defendants violated their substantive due process and equal protection rights by depriving them of use of the Property. (*Id.*) Here, too, the parties agree that these claims are not ripe and

should be remanded to state court.  (*See generally* MTR; Def. Reply at 2; Def. Resp. at 3.)

The Ninth Circuit Court of Appeals provides that *Williamson*'s finality prong applies to substantive due process, equal protection, and other constitutional claims that relate to or arise from a federal regulatory takings claim.  *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1507 (9th Cir. 1990) ("In evaluating the ripeness of due process or equal protection claims arising out of the application of land use regulations, we employ the same final decision requirement [from *Williamson*] that applies to regulatory taking claims."); *S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 507 (9th Cir. 1990) ("All as-applied challenges to regulatory takings, whether based on the just compensation clause, the due process clause[,] or the equal protection clause possess the same ripeness requirement:  a final determination by the relevant governmental body.").  The court therefore agrees with the parties that Plaintiffs' equal protection and substantive due process claims are not ripe because the *Williamson* finality prong has not been satisfied.  *See Doak Homes*, 2008 WL 191205, at *3 (concluding that, because the plaintiff's substantive due process and equal protection claims "arose from and rel[ied] on its takings claim" and were premised on "a series of actions which result[ed] in a taking," the plaintiff's due process and equal protection claims were unripe where a final decision had not been reached).  Accordingly, the court also grants Plaintiffs' motion to remand the substantive due process and equal protection claims against all Defendants (*see* Compl. ¶¶ 5.1-5.6, 7.1-7.8) and denies Defendants' motion to dismiss them.

**C.    Section 1983 Claims against Individual Defendants**

Next, the court considers Plaintiffs' 42 U.S.C. § 1983 claims against Individual Defendants. (*See* Compl. ¶¶ 6.1-6.10.) Plaintiffs allege that Individual Defendants violated their constitutional rights by agreeing to give perjurious testimony in land use hearings related to the Property. (*Id.* ¶¶ 3.14-3.22, 6.1-6.10.) Although the parties agree as to the disposition of Plaintiffs' takings and inverse condemnation claim (*id.* ¶¶ 4.1-4.7), as well as Plaintiffs' related substantive due process and equal protection claims (*id.* ¶¶ 5.1-5.6, 7.1-7.8), the parties do not agree how to dispose of Plaintiffs' 42 U.S.C. § 1983 claims against Individual Defendants. (*Compare* Def. Reply at 4-6, Def. Resp. at 3, *with* MTR at 9-11.)

Plaintiffs argue that, like their other claims, their claims against Individual Defendants are not ripe under *Williamson* and should be remanded to state court. (*See* Pl. Reply at 2.) Defendants argue that the *Williamson* ripeness analysis has no application to these claims and the court should dismiss these claims prior to remanding the other claims discussed above. (*See* Def. Resp. at 3.) As discussed below, the court concludes that Plaintiffs' 42 U.S.C. § 1983 claims against Individual Defendants (*see* Compl. ¶¶ 6.1-6.10) are ripe for judicial review and should be dismissed as time barred. Therefore, the court denies Plaintiffs' motion to remand these claims and grants Defendants' motion to dismiss without leave to amend.

1.    The Claims against Individual Defendants are Ripe

In "certain limited and appropriate circumstances," claims made pursuant to 42 U.S.C. § 1983 concerning land use may accrue even when a related takings claim has not

yet accrued.  *See Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 831 (9th Cir. 2003) (finding First Amendment, due process, and equal protection claims to be ripe for adjudication, despite unripeness of the takings claim).  Where the plaintiff's injuries are separate from any purported taking and the plaintiff's claim does not directly arise from or rely on a takings claim, independent § 1983 claims will accrue even though the governmental entity has not made "a final and authoritative determination of the development allowed on [the plaintiff's] property."  *Id.* (quoting *Harris v. Cty. of Riverside*, 904 F.2d 497, 501 (9th Cir. 1990)); *see also Holland v. Cty. of Maui*, 100 F. App'x 683, 684 (9th Cir. June 7, 2004) ("Challenges to county acts that 'amount to actual, concrete injuries which are separate from any taking' and 'have already occurred and do not depend on the finality of the County's determination of the permissible uses' of the property are 'not subject to the ripeness constraints applicable to regulatory takings.'") (quoting *Carpinteria*, 344 F.3d at 830-31 and *Harris*, 904 F.2d at 501 (emphasis omitted)).

In *Carpinteria*, the Ninth Circuit considered whether the plaintiff's First Amendment retaliation and equal protection claims—based on the defendants' nine-year delay in issuing the plaintiff permits to operate a polo field on his property—were ripe despite the lack of a final land use determination.  344 F.3d at 831.  The plaintiff alleged that the county had imposed the egregious delays in retaliation for the plaintiff's exercise of his First Amendment rights.  *See id.* at 830.  The *Carpinteria* court concluded that the non-takings claims were ripe despite the lack of a final land use decision because the plaintiff sought damages from the process of obtaining development permits, not injuries

to the underlying value of the plaintiff's property. *Id.* at 830-31; *see also Koloa Marketplace, LLC v. Cty. of Kauai*, No. 06-00570 HG-BMK, 2007 WL 9711002, at \*6-7 (D. Haw. July 13, 2007) (finding that *Carpinteria* governed and claims against county employees for due process and equal protection violations that did not require substantive review of the planning commission's land use decision were ripe).

The court agrees with Defendants that Plaintiffs' 42 U.S.C. § 1983 claim against Individual Defendants are not subject to *Williamson* and are ripe for review. As in *Carpinteria*, Plaintiffs here were harmed by Individual Defendants in a way that is unrelated to the alleged deprivation of their property rights. Plaintiffs' claim for emotional damages related to the allegedly egregious conduct of Individual Defendants is separate from the harm related to the alleged taking. *See, e.g.*, *Harris*, 904 F.2d at 500-01 (finding that the plaintiff, who was forced to pay thousands of dollars to rezone his property after a local politician asked for the zoning designation to be changed solely because of plaintiff's business, had suffered an actual due process harm separate from his takings claim). Even if the City relented and allowed Plaintiffs to operate the outdoor storage yard on the whole of the Property, Plaintiffs "would still have been injured by the treatment [they] allegedly received" at the hands of Individual Defendants, whose alleged conspiracy to present perjurious testimony caused Plaintiffs harm in the form of emotional distress and other damages distinct from any taking. *See Carpinteria*, 344 F.3d at 830. Accordingly, the court concludes that *Williamson*'s finality prong is not applicable to Plaintiffs' 42 U.S.C. § 1983 claim against Individual Defendants, and this

claim is ripe for consideration.  The court, therefore, denies Plaintiffs' motion to remand this claim.

The court now turns to Defendants' motion to dismiss Plaintiffs' claims against Individual Defendants.

2.  The § 1983 Claims against Individual Defendants are Time-Barred

Defendants argue that the court should dismiss Plaintiffs' claims against Individual Defendants because the claims are (1) barred by the statute of limitations, (2) barred by the doctrine of collateral estoppel, (3) barred by witness immunity, and (4) not sufficiently pleaded.  (*See* MTD.)  Because the court determines that Plaintiffs' claims against Individual Defendants are time barred, the court does not reach Defendants' other issues.

The statute of limitations period for 42 U.S.C. §§ 1982 and 1983 claims is "that of the forum state's statute of limitations for personal injury torts."  *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994) (applying personal injury tort statute of limitations to 42 U.S.C. § 1983 claims); *Beauregard v. Lewis Cty.*, No. C05-573RJB, 2006 WL 2924612, at *8 (W.D. Wash. Oct. 10, 2006) (same for § 1982 claims).  Thus, these types of claims must be brought within three years of accrual.  RCW 4.16.080(2); *Boston v. Kitsap Cty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (applying RCW 4.16.080(2) to federal civil rights claims).  Plaintiffs acknowledge that "the statute of limitations began to run in April 2015," when Plaintiffs discovered through Mr. Swanberg that Individual Defendants allegedly acted in concert to offer perjurious testimony to deprive Plaintiffs of their property rights.  (Pl. Resp. at 9 (citing Compl. ¶ 3.20).)  Based on Plaintiffs'

admission, Defendants argue that the three-year statute of limitations expired prior to the date—June 4, 2018—on which Plaintiffs filed their complaint. (*See* Def. Reply at 5; *see also* Compl.)

Plaintiffs counter that their 42 U.S.C. § 1983 claim against Individual Defendants is not time-barred because, in addition to the three-year limitations period, they are entitled to a 60-day extension of the statute of limitations under RCW 4.96.020—Washington State's claim-presentment statute. (*See* Pl Resp. at 9.) If the court were to add an additional 60 days to the three-year statute of limitations, Plaintiffs' complaint would be timely filed assuming that the limitations period began to run in April 2015. (*See id.*) Plaintiffs' rejoinder, however, is of no avail because in *Boston v. Kitsap County*, the Ninth Circuit stated that RCW 4.96.020 "has no bearing on § 1983 actions." 852 F.3d at 1186. Indeed, the Ninth Circuit unequivocally held that "RCW 4.96.020 contains a special statute of limitations . . . [that] does not operate to toll the state's general [three-year] residual limitations period applicable to § 1983 actions." *Id.* at 1189. Thus, RCW 4.96.020 does not serve to extend the three-year statutory period for Plaintiffs' § 1983 claims against Individual Defendants.

Because Plaintiffs did not file their complaint until June 4, 2018, more than three years after Plaintiffs admit that the limitations period began to run (*see* Pl. Resp. at 9), the court concludes that Plaintiffs' § 1983 claim against Individual Defendants is time barred. Thus, the court grants Defendants' motion to dismiss Plaintiffs' § 1983 claim (*see* Compl. ¶¶ 6.1-6.10). In addition, allowing Plaintiffs to amend their time-barred claim would be futile. *See Sackett v. Beaman*, 399 F.2d 884, 892 (9th Cir. 1968) (holding

1    that the district court did not abuse its discretion by denying leave to amend when the

2    applicable statute of limitations barred the plaintiff's claim). Accordingly, the court

3    dismisses this claim with prejudice and without leave to amend.

4    **D.     Plaintiffs' Public Records Act Claim**

5           Federal law provides that "in any civil action of which the district courts have

6    original jurisdiction, the district courts shall have supplemental jurisdiction over all other

7    claims that are so related to claims in the action within such original jurisdiction that they

8    form part of the same case or controversy under Article III of the United States

9    Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if

10   they arise from a common nucleus of operative facts. *United Mine Workers of Am. v.*

11   *Gibbs*, 383 U.S. 715, 725 (1966). However, even if claims do form part of the same case

12   or controversy, a district court may decline to exercise supplemental jurisdiction over a

13   claim and remand the state law claim if: (1) the claim raises a novel or complex issue of

14   state law; (2) the state law claim substantially predominates over the claim or claims over

15   which the district court has original jurisdiction; (3) the district court has dismissed all

16   claims over which it has original jurisdiction; or (4) in exceptional circumstances, there

17   are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

18   Courts should consider values of economy, convenience, fairness, and comity when

19   deciding whether to exercise supplemental jurisdiction over pendent state law claims.

20   *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 911 (9th Cir. 2011).

21          The court declines to exercise supplemental jurisdiction over Plaintiffs' PRA

22   claim and grants Plaintiffs' motion to remand these claims. Given that the court has now

remanded or dismissed all of Plaintiffs' claims over which it had original jurisdiction, judicial efficiency is best served if the court declines supplemental jurisdiction over Plaintiffs' PRA claim and remands instead.  *See, e.g.*, *Accredited Home*, 2007 WL 1977137, at *4 (declining to exercise supplemental jurisdiction on grounds of comity, economy, and convenience).  Accordingly, the court grants Plaintiffs' motion to remand this claim.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiffs' motion to remand (Dkt. # 10) and GRANTS in part and DENIES in part Defendants' motion to dismiss (Dkt. #6).  Plaintiffs' motion to remand is granted as to their inverse condemnation and takings claim (*see* Compl. ¶¶ 4.1-4.7), the substantive due process claim (*see id.* ¶¶ 5.1-5.6), the equal protection claim (*see id.* ¶¶ 7.1-7.8), and the PRA claim (*see id.* ¶¶ 8.1-8.4).  Plaintiffs' motion to remand is denied as to their 42 U.S.C. § 1983 claim against Individual Defendants.  (*See id.* ¶¶ 6.1-6.10.)  Defendants' motion to dismiss is granted as to Plaintiffs' § 1983 claims against Individual Defendants (*see id.*), and the court DISMISSES those claims with prejudice and without leave to amend.

The court further ORDERS that:

1.  Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are
    REMANDED to the Superior Court of King County, Washington;

//

//

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for the Superior Court of King County, Washington; and

3. The Clerk shall also transmit the record herein to the Clerk for the Superior Court of King County, Washington.

Dated this 10th day of December, 2018

JAMES L. ROBART
United States District Judge